UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS LOGAN, | ) |
| Plaintiff, | ) Case No. 14-cv-10256 |
| v. | ) |
| | ) Judge John W. Darrah |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 73, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Chris Logan filed a Complaint against former employer, Defendant Service Employees International Union, Local 73, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*; the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1 *et seq.*; and Illinois common law. Defendant now moves to dismiss Plaintiff's Complaint and all counts pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). For the reasons set forth below, that Motion is denied.

### BACKGROUND

Plaintiff brought a six-count Complaint against Defendant alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, violation of the IWPCA and the IWA, as well as claims for retaliation, breach of contract, and promissory estoppel. Defendant is the former employer of Plaintiff. (Compl. ¶ 6.) Plaintiff alleges that Defendant racially discriminated against him during his time of employment.

The following alleged facts are taken from Plaintiff's Complaint. Plaintiff, an African-American, was employed by Defendant as a Field Organizer from on or about March 31, 2008 through April of 2013. (Compl. ¶ 6-8.) Plaintiff was hired per a Collective Bargaining Agreement ("Agreement") effective from January 1, 2011 through December 31, 2013. (Compl. ¶ 8.) From 2008 to 2009, Plaintiff's immediate supervisor was Leroy Jones. (Compl. ¶ 10.) In 2009, Plaintiff's supervisor, Leroy Jones, was replaced by Wayne Lindwall. (Compl. ¶ 11.) Plaintiff did not have a disciplinary record while under the supervision of Jones. (Compl. ¶ 12.) Plaintiff did not receive written work evaluations but was regularly verbally commended on his work ethic and performance. (Compl. ¶ 9.) However, while under the supervision of Wayne Lindwall, Plaintiff was subjected to adverse employment actions to which similarly situated, non-African American employees were not subjected. Plaintiff was also written up for conduct that similarly situated, non-African American employees engaged in without being disciplined. (Compl. ¶ 13-14.)

Plaintiff made multiple written and verbal complaints of racial discrimination against the Defendant, including the filing of formal grievances. (Compl. ¶ 15.) Defendant failed to investigate Plaintiff's allegations of racial discrimination, took numerous adverse employment actions against him, and stripped Plaintiff of his employment duties and terminated him. (Compl. ¶¶ 17-22.) As a result, Plaintiff contends that he lost substantial earnings, union membership, and other job-related benefits, as well as suffered emotional distress, embarrassment, and humiliation. (Compl. ¶¶ 34-35.)

On August 8, 2014, Plaintiff filed charges with the Illinois Department of Human Rights (hereinafter, "IDHR"), claiming race, sex, and age discrimination and retaliation. (Compl. ¶ 36.)

By November 20, 2014, the IDHR closed Plaintiff's case and issued a Notice that Plaintiff had a right to sue within 90 days of the letter. (Compl. ¶ 37.) On December 22, 2014, Plaintiff filed an initial Complaint in this case, but it was dismissed without prejudice for failing to pay the filing fee. (Compl. ¶ 39.) Plaintiff re-filed his Complaint on May 4, 2015. (Dkt. #7.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

Plaintiff's Complaint contains six claims. Count I is a racial discrimination claim against Defendant. Count II is a retaliation claim. Count III claims Defendant violated the IWPCA.

Count IV is a breach of contract claim. Count V is a promissory estoppel claim. Count VI claims Defendant violated the IWA.

## *Count I – Racial Discrimination*

Defendant argues that Plaintiff's claims of racial discrimination under Title VII are not sufficiently pled. A plaintiff may prove discrimination under Title VII through direct evidence or, indirectly, through the burden-shifting mechanism of *McDonnell Douglas*. *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). To prove discrimination indirectly, Plaintiff must establish that: (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was meeting his employer's legitimate performance expectations, and (4) his employer treated similarly situated employees who were not in the protected class more favorably. *Maarouf v. Walker Manufacturing Co.*, 210 F.3d 750, 751 (7th Cir. 2000).

Plaintiff is African-American and a member of a protected class. He alleged that he was subjected to adverse employment actions to which similarly situated, non-African-American employees were not subjected. While Defendant argues that Plaintiff fails to allege facts to support his claim that he was subject to adverse employment action, this is plausibly inferred from Plaintiff's allegations. Plaintiff alleges that he was written up pursuant to Defendant's discipline policy, Defendant failed to investigate his claims of race discrimination, failed to discipline prior race discrimination, failed to prevent future discrimination, he was stripped of his duties, and he was eventually terminated on May 17, 2013. To survive dismissal under Title VII for alleging race discrimination under Rule 12(b)(6), a plaintiff "needs only to aver that [his] employer instituted a specific adverse employment action against [him] on the basis of race and sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2007). "There are no heightened or

4

fact-pleading requirements for a cause of action alleging adverse employment discrimination under Title VII." *Id.* (referencing *Twombly* and *Iqbal*).

Defendant argues that Plaintiff did not sufficiently plead that Defendant treated similarly situated employees who were not in the protected class more favorably. Plaintiff alleges that: (1) after he was terminated or laid off, several similarly situated employees that were laid off at the same time were recalled to their positions as Field Organizers on a full-time basis at double their previous salaries; (2) that non-African-American employees with less seniority were paid three times the amount paid to Plaintiff as Assistants to the President but performed substantially the same work; and (3) that he was written up for conduct that similarly situated, non-African-American employees engaged in without being disciplined.

A similarly situated employee is one who is "directly comparable to the plaintiff in all material aspects." *Patterson v. Avery Dennison Corp.*, 281 F.3d 678, 680 (7th Cir. 2002). Factors to consider include "whether the employees: 1) have the same job description; 2) were subject to the same standards; 3) were subject to the same supervisor, and 4) had comparable experience, education, and other qualifications." *Salas v. Wisc. Dept. of Corrections*, 493 F.3d 913, 923 (7th Cir. 2007). Defendant contends that those employees hired as Assistants to the President were not similarly situated, as these positions were not covered by the collective bargaining unit and were subject to different standards. However, whether the potentially similarly situated employee is subject to the same standards as Plaintiff is only one of four factors to consider. While Plaintiff does not allege facts specifically stating whether these employees were subject to the same supervisor, or had comparable experience or qualifications, Plaintiff does note that those employees performed substantially the same amount of work as

5

Field Organizers. "[A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (quoting *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986)).

Defendant also contends that Plaintiff's collective bargaining agreement provides that laid off employees can be recalled to a position from which the employee was laid off or a position that the employee has the ability and qualification or work experience to perform. Defendant argues that Plaintiff failed to allege that he had the ability or qualification to perform the work of a full-time Field Organizer, and thus, failed to allege that he was similarly situated to those recalled to different positions. However, Plaintiff notes that he performed the same or substantially the same job duties as those recalled and is capable of performing in a position he had not previously held.

Though Plaintiff does not specifically allege that he was meeting Defendant's legitimate expectations, he does allege that throughout the time that he was employed by Defendant, he never received written work evaluations but was regularly commended verbally on his work ethic and performance and that, for at least part of his employment, he did not have a disciplinary record. This supports the inference that Plaintiff's performance met Defendant's expectations. Further, any ambiguities in the complaint are construed in favor of the plaintiff. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Plaintiff has satisfied all the *McDonnell Douglas* factors and has sufficiently stated a claim for racial discrimination.

*Count II – Retaliation*

Defendant also contends that Plaintiff does not sufficiently allege that Defendant's adverse employment actions were taken against him in retaliation for his protected activity[1]. In order to plead a claim of retaliation under Title VII, Plaintiff must plead that: (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected expression and the adverse employment action. *Stutler v. Ill. Dep't of Corrections*, 263 F.3d 698, 702 (7th Cir. 2001).

The Complaint adequately states a claim for retaliation. Plaintiff has alleged that he engaged in statutorily protected expression: "he asserted multiple written and verbal complaints of racial discrimination, which included the filing of formal grievances." (Compl. ¶ 15). *See e.g., EEOC v. White & Sons Enter.,* 881 F.2d 1006, 1011 (11th Cir. 1989) (holding "unofficial complaints expressed by the women to their employees about unequal pay constituted an assertion of rights protected under" Title VII). Further, as noted above, Plaintiff alleged that he suffered adverse employment actions.

Plaintiff also alleged that the described actions within the Complaint were taken against the Plaintiff because he is African-American, and because he had engaged in the protected activity of complaining of discrimination, unequal terms and conditions of employment, and unpaid wages and benefits in the workplace. (Compl. ¶ 43). Defendant argues that it is unclear

---

[1] Plaintiff argues in his Response to Defendant's Motion that that the Illinois Human Rights Act does not create a requirement to establish a *prima facie* case of retaliation or discrimination when pleading. As Plaintiff does not allege a violation of the Illinois Human Rights Act anywhere in his Complaint, this argument will not be considered here.

what alleged protected activity resulted in the adverse employment actions, noting that several of his actions (filing a claim with the Illinois Department of Labor, complaining to "the Washington, DC office") occurred after his termination and could not be the basis for that termination. While Plaintiff's actions after his termination cannot form the basis for that adverse employment action, he does allege that he made multiple written and verbal complaints of racial discrimination prior to termination and that Defendant failed to investigate these complaints. Plaintiff alleges he was stripped of his duties, was subject to "numerous adverse employment actions," and then terminated. These allegations are sufficient to support a causal link between Plaintiff's protected expression and the adverse employment action. Therefore, Plaintiff has sufficiently pled a claim of retaliation.

*Counts III Through VI – Preemption*

Defendant contends that Plaintiff's allegations under Counts III, IV, V, and VI regarding violations of the IWPCA and the IWA, breach of contract, and promissory estoppel are preempted. Specifically, Defendant argues that Counts III through VI require interpretation of the collective bargaining agreement between Defendant and Plaintiff's union, and are thus preempted by the Labor Management Relations Act of 1947 (hereinafter "LMRA") § 301. 29 U.S.C. § 185(a). "If dispute resolution is pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988). Plaintiff argues that preemption is not necessary

8

if the issue involving the collective bargaining agreement can be determined independent of interpreting the agreement.

### *Count III – Illinois Wage Payment and Collection Act*

Plaintiff alleges that Defendant failed to reimburse Plaintiff for gas and vehicle usage, failed to provide Plaintiff with medical coverage and failed to include expense reimbursement in Plaintiff's final compensation at the time of termination, all in violation of Plaintiff's collective bargaining agreement. These allegations clearly involve interpretation of Plaintiff's collective bargaining agreement and are preempted by Section 301 of the LMRA. Thus, Count III of Plaintiff's claim is dismissed.

### *Count IV – Breach of Contract*

To establish a breach of contract claim, Plaintiff must allege: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Hess v. Kanoski & Associates*, 668 F.3d 446, 452 (7th Cir. 2012). Here, Plaintiff alleged that he entered into a contract, the collective bargaining agreement. Plaintiff then alleged that Defendant's adverse actions were in violation of this contract and 820 ILCS 115/1, *et. seq.* and that Plaintiff was damaged as a consequence of lost wages and benefits. Whether Defendant's actions constituted a breach of that contract involves interpretation of that contract, thus, Count IV is also preempted, and is dismissed.

### *Count V – Promissory Estoppel*

Defendant contends that Plaintiff's Count V for promissory estoppel should be dismissed for failure to state a claim. For a promissory estoppel claim, a plaintiff is required to plead: "(1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise,

9

(3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Dumas v. Infinity Broad Corp.*, 416 F.3d 671, 677 (7th Cir. 2005). Plaintiff alleged that Defendant promised to pay him all benefits and allowances under the collective bargaining agreement. He also alleged that Plaintiff's reliance was foreseeable because he depended on such benefits to perform his labor duties. Whether the collective bargaining agreement constituted an unambiguous promise to reimburse Plaintiff for certain expenses or provide him with medical coverage necessitates interpretation of that agreement. Thus, Plaintiff's claim for promissory estoppel is also preempted, and Count V is dismissed.

*Count VI – Illinois Whistleblower Act*

Under the IWA, "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency where the employee has reasonable cause to believe that the information discloses violation of a State or federal law, rule, or regulation." Resolving a dispute under this claim does not involve interpretation of the collective bargaining agreement, thus Count VI is not preempted.

Defendant also contends that Plaintiff's Count VI under the IWA should be dismissed for failure to state a claim. Plaintiff alleges that he filed multiple grievances for violation of Article 19, Section 2 of the Agreement, and made formal complaints to the National Labor Relations Board on June 6, 2014, and the Illinois Labor Relations Board on November 16, 2014. However, Plaintiff was terminated on May 17, 2013, thus such disclosures could not have been a factor in Plaintiff's termination. Plaintiff argues that he was a union member with the right to be recalled for a position at the time he reported the alleged discriminatory conduct. However, Plaintiff clearly alleges that he filed a grievance for violation of his collective bargaining

agreement because he was not recalled after his termination. As Plaintiff fails to state a claim for violation of the IWA, Count VI is dismissed.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [10] is denied in part and granted in part. Defendant's Motion is denied as to Counts I and II and granted as to Counts III – VI. Counts III, IV, V, and VI are dismissed without prejudice. Plaintiff is granted leave to amend, if he can do so pursuant to Rule 11, within thirty days of this Order.

Date: \_\_\_\_December 2, 2015_____  _____
JOHN W. DARRAH
United States District Court Judge