UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-10256 |
| v. ) | |
| ) | Judge John W. Darrah |
| SERVICE EMPLOYEES ) | |
| INTERNATIONAL UNION, LOCAL 73; ) | |
| and CHRISTINE BOARDMAN, Union ) | |
| President, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On January 3, 2016, Plaintiff Chris Logan filed an Amended Complaint against Defendants Service Employees International Union, Local 73 ("Union") and Christine Boardman ("Boardman"). Plaintiff alleges racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as violations of the First and Fourteenth Amendments of the U.S. Constitution. Defendants filed a Motion to Dismiss [23] Count III and Defendant Christine Boardman from all Counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendants' Motion to Dismiss [23] is granted.

### BACKGROUND

The following facts are drawn from the Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff worked for Defendant Union, an operating local union with an office in Chicago, Illinois, from March 31, 2008 to April 2013. (Am. Compl. ¶¶ 2, 6.) From 2008 to 2010, Plaintiff's immediate supervisor was an African-American named Leroy Jones; and under

Jones's supervision, Plaintiff was never disciplined. (*Id.* ¶ 12.) In 2010, Plaintiff's immediate supervisor was replaced by a Caucasian named Wayne Lindwall. Under Lindwall's supervision, Plaintiff alleges that he was disciplined for conduct that similarly situated, non-African American employees engaged in without discipline. (*Id.* ¶ 13.)

Plaintiff made multiple written and verbal complaints of racial discrimination against Defendant Union in the workplace and filed formal grievances. (*Id.* ¶ 15.) Plaintiff alleges that Defendant Union retaliated against him due to these complaints and grievances by stripping Plaintiff of his duties and making him the target of adverse employment actions. (*Id.* ¶¶ 19–21.) Plaintiff was then laid-off with recall rights on May 17, 2012. (*Id.* ¶ 22.) Plaintiff filed a complaint with the Services Employee Staff Union ("SESU") regarding his layoff and desire to be recalled into work. (*Id.* ¶ 30.) Plaintiff was provided with representation by SESU's Vice President, who conversed with SEIU President, Defendant Christine Boardman, on the matter; but Boardman did not take any action. (*Id.* ¶ 31.) Plaintiff was subsequently terminated in April of 2013. (*Id.* ¶¶ 8, 22.)

In July 2013, Plaintiff continued to complain to SEIU's Washington, D.C. office, alleging that Defendants engaged in race discrimination, unequal terms of employment, and other illegal conduct against him. (*Id.* ¶ 34.) Defendants then conducted an investigation that resulted in Plaintiff's removal from membership of Defendant Union on November 22, 2013. (*Id.* ¶ 35.) Plaintiff alleges that he was removed from union membership because he made complaints regarding Defendant Union's conduct to SEIU's Washington, D.C. office. (*Id.* ¶ 54.)

On May 4, 2015, Plaintiff filed a Complaint, which was partially dismissed on December 2, 2015. On January 3, 2016, Plaintiff filed an Amended Complaint.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts that make it plausible for the defendant to be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679. When evaluating a Rule 12(b)(6) motion, the complaint's well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Twombly*, 550 U.S. at 555–56.

## ANALYSIS

As a preliminary matter, Plaintiff agrees with Defendants, in his Response, that Defendant Christine Boardman should be dismissed as a party and requests her removal from the action. Plaintiff's request for removal is granted.

### *Count III*

Defendants argue that Count III should be dismissed because it is untimely and fails to include the presence of a state actor. Plaintiff argues that Defendants' alleged discrimination and retaliation against Plaintiff and Plaintiff's unlawful termination and unlawful union membership removal violated his First and Fourteenth Amendment rights. (Am. Compl. ¶¶ 14–15, 19–20, 22, 35.) Defendants argue that Plaintiff's constitutional claims are untimely. Section 1983's statute of limitations is based on Illinois's personal injury limitations. *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985). In Illinois, the statute of limitations for personal injury is two years. 735 ILCS

5/13-202. Defendants argue that whether Plaintiff's constitutional claims are based on his termination in April 2013 (Am. Compl. ¶¶ 8, 22) or his union membership removal in November 2013 (Am. Compl. ¶ 35), his constitutional claims are untimely because he did not bring them until January 2016, a date well past the two-year statute of limitations.

Plaintiff argues that his constitutional claims relate back to the original pleading. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c)(1)(B) is met if the amended claims share a common core of operative facts uniting the original and newly asserted claims. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Amendments under Rule 15(c) "should be freely allowed." *Staren v. Am. Nat. Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976). Defendants further argue that Plaintiff's constitutional claims cannot relate back because Plaintiff did not include any facts in his original Complaint to support a section 1983 claim.

Here, Plaintiff has successfully asserted a common core of operative facts between the original and amended claims. In his Amended Complaint, Plaintiff bases his constitutional claims on Defendants' alleged discrimination and retaliation against Plaintiff, as well as Plaintiff's unlawful termination and unlawful union membership removal. (Am. Compl. ¶¶ 54-55.) Plaintiff's claims in his original Complaint are based on the same facts. Plaintiff has successfully met the requirement of Rule 15(c)(1)(B) by asserting a common core of operative facts, and whether Plaintiff has included facts that allow an inference of a constitutional claim is irrelevant because "[t]here is no need for the original complaint to have made out a colorable or

4

valid cause of action." *Drakatos v. R. B. Denison, Inc.*, 493 F. Supp. 942, 945 (D. Conn. 1980). Thus, Plaintiff's constitutional claims are not time barred.

Next, Defendants argue that Plaintiff has failed to plead a state actor when asserting his constitutional claims. When asserting a § 1983 claim, plaintiffs must plead two elements: (1) the alleged unlawful action must be under color of state law and (2) the deprivation of a federal right. *Bayview-Lofberg's, Inc. v. City of Milwaukee*, 905 F.2d 142, 144 (7th Cir. 1990).

Plaintiff has failed to allege any facts that support the first element: state action. Action conducted by unions is private; it is not considered state action for the purposes of § 1983. *Hallinan v. Fraternal Order of the Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009); *Wegscheid v. Local Union 2911, Int'l Union*, 117 F.3d 986, 988 (7th Cir. 1997). Nevertheless, a private actor may still be considered acting "under color of state law" in certain circumstances. *Tarpley v. Keistler*, 188 F.3d 788, 791 (1999). In particular, a private actor will be considered acting "under color of state law" when it is a willful participant in joint action with the State or its agents. *Leahy v. Board of Trs. of Cmty. Coll. Dist. No. 508*, 912 F.2d 917, 921 (7th Cir. 1990) (quoting *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 281–282 (7th Cir. 1986)).

Plaintiff argues that Defendants' actions against Plaintiff should be considered "joint action" with the State because Plaintiff, in his capacity as a Field Organizer, represented public employees at Union meetings and during collective-bargaining agreement negotiations. However, the Seventh Circuit has found arguably greater connections between unions and the State as insufficient to rise to the level of "joint action" for the purposes of a § 1983 claim. In *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015), the Seventh Circuit held that a jointly negotiated procedure between a union and a state employer, contained within a collective-

5

bargaining agreement, was insufficient to constitute "joint action." Additionally, when a state employer requires employees to associate with a particular union pursuant to an exclusive union agency agreement, there is no state action. *Hallinan*, 570 F.3d at 818. Government regulation or mere participation in some union affairs "does not consequently make every union activity so imbued with governmental action that it can be subjected to constitutional restraints." *Id.* (quoting *Driscoll v. Int'l Union of Operating Eng'rs, Local 139,* 484 F.2d 682, 690 (7th Cir.1973)). Finally, in *Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1998), the plaintiffs argued that a rule contained within a collective-bargaining agreement negotiated between the state and their union, as well as the union's constitution, deprived them of certain First Amendment rights. The Seventh Circuit held that this was insufficient to constitute state action because the plaintiffs did not allege any evidence that the state and union actively conspired to deprive the plaintiffs of their First Amendment rights. *Id.* The mere representation of public employees in the course of a single employee's union activities is insufficient to constitute state action. Plaintiff has not alleged any facts supporting state action or any facts showing that a state actor has actively conspired with Defendants to deprive Plaintiff of his First and Fourteenth Amendment rights.

Finally, Plaintiff argues that the doctrine of equitable estoppel prevents Defendants from arguing that there is no state action because Defendant Union has members that are public employees, has hired representatives to represent public employees, has charged dues for political motives or gains, and has hired individuals for public work. Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990). Plaintiff has not alleged that Defendants prevented him from suing

in time; therefore, he has not asserted grounds for equitable estoppel in this case. Defendants' Motion to Dismiss Count III is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [23] is granted. Count III of Plaintiff's Amended Complaint is dismissed with prejudice. Defendant Christine Boardman is removed from this action.

Date:   June 28, 2016

JOHN W. DARRAH
United States District Court Judge