UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS LOGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-cv-10256 ) ) Judge John W. Darrah |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 73, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant Service Employees International Union Local 73 filed a Motion for Sanctions [31] against Plaintiff pursuant to Federal Rule of Civil Procedure 11. For the reasons discussed below, Defendant's Motion [31] is denied.

## BACKGROUND

On May 4, 2015, Plaintiff, Chris Logan, filed a Complaint against Defendant, Service Employees International Union Local 73 ("SEIU"), asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, various Illinois statutory violations and common- law claims. On December 2, 2015, Defendant's Motion to Dismiss was granted in part and denied in part, and Plaintiff was given leave to amend.

On January 3, 2016, Plaintiff filed a three-count First Amended Complaint ("FAC"), maintaining his Title VII claims (Counts I and II), asserting constitutional claims (Count III) and adding another defendant, Christine Boardman ("Boardman"), President of SEIU. Plaintiff's Title VII claims were based on multiple factual allegations, including being discriminated in his employment, improperly laid off, and improperly removed from SEIU union membership. (Am. Compl. ¶¶ 14–15, 22, 35, 44, 46.)

Upon review of the FAC, Defendant sent a letter to Plaintiff's attorney, dated January 12, 2016, asking Plaintiff to withdraw his constitutional claims for failure to allege state action and that if not withdrawn, Defendants would file a motion for sanctions. (Def. Mot. Ex. A.) On February 17, 2016, Defendant filed a Motion to Dismiss Count III and Boardman from the case. (Dkt. No. 23.) Almost one week later, Defendant sent another letter to Plaintiff's attorney, asking Plaintiff to withdraw his Title VII allegations related to the layoff portion of the FAC because Plaintiff was time-barred from using his layoff as a basis for his Title VII claims. (Def. Mot. at Ex. B.) In the same letter, Defendant notified Plaintiff that if the allegations were not withdrawn, Defendant would seek sanctions against Plaintiff. (*Id*.) Plaintiff's attorney responded the same day, stating that Plaintiff would continue his Title VII and constitutional claims. (*Id.* at Ex. C.) Defendant filed the Motion for Sanctions on March 30, 2016. On June 28, 2016, Defendant's Motion to Dismiss was granted – Count III of Plaintiff's Amended Complaint was dismissed with prejudice, and Boardman was removed as a defendant in this action.[1] (Dkt. Nos. 40, 41.)

**LEGAL STANDARD**

Sanctions are governed by Rule 11 of the Federal Rules of Civil Procedure. The purpose of Rule 11 sanctions "is to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). In filing a pleading with the court, the party certifies to the best of its knowledge that the claims are warranted under existing law. FED. R. CIV. P. 11 (b)(2). Sanctions are deemed appropriate where the party has not filed a complaint for proper purposes, but instead presents its claims to harass or cause unnecessary delay or expense. FED. R. CIV. P. 11 (b)(1). In determining whether Rule 11 sanctions are warranted, the court must "undertake an

---

[1] Plaintiff agreed to dismiss Boardman in his Response to Defendants' Motion to Dismiss. (Dkt. No. 28 p. 7.)

objective inquiry into whether the party or his counsel should have known that his position was groundless." *CUNA Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citations omitted).

## ANALYSIS

Defendant seeks an order sanctioning Plaintiff for Rule 11 violations because the FAC improperly added Boardman as a defendant, used an improper factual basis for his Title VII claims (Counts I and II), and made frivolous constitutional claims (Count III).

*Boardman as a Defendant*

Defendant argues Plaintiff violated Rule 11(b)(1), alleging that Plaintiff had no other purpose for adding Boardman as a defendant to the case than to harass and needlessly increase the cost of litigation. The argument is without support because Defendant offers no details to evince harassment or needless increase in the cost of this litigation. Improper purpose means "'something other than [the] mere assertion of frivolous or unfounded legal arguments or contentions.'" *Tanner v. Nelson Tree Serv., Inc.*, Case No. 99 C 6154, 2001 WL 1530581, at *4 (N.D. Ill. Aug. 1, 2001) (quoting 2 James Wm. Moore et al., Moore's Federal Practice ¶ 11.11[8][e] (3d ed. 2001)). The correspondence between Plaintiff's counsel and Defendant's counsel attached to the Motion does not suggest that Boardman was added to the Complaint to harass or drive up litigation costs. In addition, Plaintiff agreed to dismiss Boardman as a defendant. (Dkt. No. 28 p. 7.) Defendant's Motion does not demonstrate that Plaintiff added Boardman as a defendant to harass and needlessly increase the cost of litigation. Accordingly, the Motion to sanction Plaintiff for adding Boardman as a defendant is denied.

*Counts I & II – Title VII Claims*

Defendant argues that Plaintiff is time-barred from using his layoff as one of the factual bases for his Title VII claims (Counts I and II), and Plaintiff should be sanctioned. Defendant further argues that if Plaintiff does not dismiss the claims and discovery proceeds, Defendant will incur significant and unnecessary fees and costs. The Advisory Committee Note to Rule 11 states that the purpose of Rule 11 is to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." FED. R. CIV. P. 11 Advisory Committee Note (1983). The Plaintiff's Complaint, however, has been held to adequately state claims for violations of Title VII. (*See* Dkt. No. 17.) "A motion for sanctions can hardly be well grounded where it challenges arguments which the Court upholds." *Eldon Indus., Inc. v. Rubbermaid, Inc.*, 735 F. Supp. 786, 795 (N.D. Ill. 1990). Because the Court has upheld Plaintiff's Title VII claims, Defendant's request for sanctions in relation to using his layoff as a basis for Counts I and II is denied.

*Count III – Constitutional Claims*

Defendant argues that with respect to Count III, Plaintiff should be sanctioned because Plaintiff made time-barred First and Fourteenth Amendment claims and failed to make a reasonable inquiry into existing law. As an initial matter, as explained in the ruling on the Defendant's Motion to Dismiss, the Plaintiff's constitutional claims were not time-barred. (Dkt. No. 41 at p. 3–5). In addition, as discussed in the ruling, there was a question as to whether the Plaintiff's assertions in the FAC related back to the time of his original pleading such that even if the constitutional claims were time-barred, sanctions would not be warranted. Defendant's argument that Plaintiff's claims are sanctionable as time-barred is denied.

Defendant also argues that Plaintiff failed to make a reasonable inquiry into existing law when he alleged violations of the First and Fourteenth Amendments without alleging a state actor or state action. To determine whether the attorney in question made a reasonable inquiry into the law, the district court may consider the following factors: the complexity of the legal question involved; whether the document contained a plausible view of the law; whether the document was a good faith effort to extend or modify the law; the amount of time the attorney had to prepare the document and research the relevant law. *Brown v. Fed'n of State Med. Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 930 (7th Cir. 1989).

The legal question at issue in this case, whether Defendant union's actions constituted state action, was sufficiently complex to render Plaintiff's legal inquiry reasonable even though incorrect. A union can be considered state action if there is "joint action" between itself and the State. *See Tarpley v. Keistler*, 188 F.3d 788, 791 (7th Cir. 1999). In determining what constitutes "joint action" between a union and the State, the Seventh Circuit's reasoning and holdings are fact-intensive inquiries. *See, e.g.*, *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015) (holding union's actions pursuant to a grievance procedure negotiated by both union and the State insufficient to constitute "joint action"); *Messman v. Helmke*, 133 F.3d 1042, 1044-45 (7th Cir. 1998) (holding union's action pursuant to its constitution, which was similar to its collective-bargaining agreement with the State, was not state action); *Hudson v. Chi Teachers Union Local No. 1*, 743 F.2d 1187, 1190-91 (7th Cir. 1984) (stating that when a union forces public employees to finance its political activities, that is state action).

In the FAC, Plaintiff argued a plausible, though incorrect, view of the law. Plaintiff argued that Defendant union and the State demonstrated a sufficiently close nexus because

5

Plaintiff, as a Field Organizer for the union, represented public employees at union meetings, represented their collective-bargaining agreement rights, and fought to ensure their equal pay. Given that the legal principle for what constitutes "joint action" varies, Plaintiff's position that Defendant union's interactions with public employees converted the union into a state actor was plausible, even though Count III was dismissed with prejudice.

Plaintiff contends that his constitutional claims have been made through non-frivolous arguments for extending, modifying, or reversing existing law or for establishment of new law and that Plaintiff has every right to creatively think about his claims and how to adequately allege them. We agree. "[Rule 11] is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. This is especially true in civil rights cases." *Kraemer v. Grant Cnty.*, 892 F.2d 686, 690 (7th Cir. 1990). Moreover, when analyzing the good-faith prong of Rule 11, the quality of Plaintiff's argument should be considered rather than counsel's state of mind. *See Beeman v. Fiester*, 852 F.2d 206, 211 (7th Cir. 1988), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 930 (7th Cir. 1989). As stated before, Plaintiff's argument in Count III was plausible, even though incorrect. Additionally, the issue raised by Plaintiff's Complaint was "sufficiently hazy at the time the complaint was filed that it was difficult to determine the exact boundaries of the rules." *Id.* at 212.

The amount of time Plaintiff's attorney had to prepare and research the relevant law is unknown. However, the three factors mentioned above weigh in favor of Plaintiff and against an award of sanctions. Moreover, although Count III was recently dismissed, "sanctions are not automatically warranted where a party loses a dispositive motion." *See Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir.1988). Defendant's request for sanctions in relation to Count III is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Sanctions [31] is denied.

Date:     October 5, 2016                              _____
                                                                         JOHN W. DARRAH
                                                                         United States District Court Judge